IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Respondent, | ) Cr. No. 00-30081-HO |
| | ) Cv. No. 05-3013-HO |
| v. | ) ORDER |
| CELERINO VALENCIA-MERAZ, | ) |
| aka CELERINO MERAZ-VALENCIA | ) |
| Defendant-Petitioner. | ) |

Defendant is currently serving a sentence of 168 months imprisonment following a guilty plea to illegal reentry and possession of methamphetamine with intent to distribute. Defendant has filed a second motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 asserting his sentence violates the Sixth Amendment following the recent Supreme Court decisions in United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 124 S.Ct. 2531(2004). Defendant also asserts that the

1 - ORDER

court should have applied Guideline Amendment 632 to U.S.S.G. § 2L1.2 in calculating his sentence.

Defendant has not obtained authorization from the Ninth Circuit to file a second petition pursuant to 28 U.S.C. 2255. Accordingly, this court lacks jurisdiction over the petition. See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998). Moreover, Booker and Blakely have not been made retroactively applicable to cases on collateral review by the Supreme Court. In addition, the cases are not retroactively applicable to collaterally attack defendant's sentence. See McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005). Accordingly, defendant's petitions are denied.

## CONCLUSION

For the reasons stated above, defendant's motions for habeas corpus relief pursuant to 28 U.S.C. § 2255 (#52 and #58) are denied and this proceeding is dismissed.

DATED this 13th day of April, 2005.

Michael R. Hogan
United States District Judge